The CITY OF WELLSTON, Missouri,
Plaintiff–Appellant,

v.

Rose JACKSON, Jessie Wilson, Janie Duckworth and St. Louis Teachers Credit Union, Defendants–Respondents.

No. 72313.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1998.

Michael A. Gross, Cynthia A. Sciuto, Norman A. Selner, St. Louis, for plaintiff-appellant.

Anthony B. Ramirez, Cynthia Smuda, St. Louis, for defendants-respondents Jackson, Wilson & Duckworth.

Gary W. Bomkamp, St. Louis, for defendant-respondent St. Louis Teachers Credit Union.

KAROHL, Judge.

Plaintiff, City of Wellston (City), appeals summary judgment in favor of defendant, St. Louis Teachers Credit Union (Credit Union) and dismissal with prejudice of its claims for failure to state a claim upon which relief can be granted in favor of defendants, Rose Jackson, Jessie Wilson and Janie Duckworth. We affirm the summary judgment in favor of Credit Union. We reverse the dismissals for failure to state a claim upon which relief can be granted and remand.

■ City filed a petition attempting to allege a cause of action to recover money from Rose Jackson, Jessie Wilson, Janie Duckworth, and Credit Union. The petition contained four counts. Counts I—III alleged defendants, Jackson, Wilson and Duckworth, committed fraud against City by stealing funds through the use of forged checks. In Count IV, City alleged Credit Union, as a collecting bank, was negligent in violating its duty to inform City of its receipt of the forged checks which were accepted for individual deposit into defendants' accounts. Credit Union filed a motion to dismiss or for summary judgment. Jackson, Wilson and Duckworth filed motions to dismiss for failure to state a claim upon which relief could be granted. Jackson, Duckworth and Wilson also separately filed motions for a more definite statement. On March 6, 1996, the trial court entered orders for dismissal with prejudice, but the orders failed to comply with Rule 74.01(a). City subsequently filed a motion to amend its petition and referred to its motion as one filed after a judgment. It did not recognize there was no existing judgment because the dismissal orders failed to comply with Rule 74.01(a). On May 3, 1996, the trial court denied City's motion to amend on the express basis that it was filed after dismissal. The trial court and the parties were not aware the motion to amend was filed after submission of the motions to dismiss, but before judgments of dismissal. Before the trial court attempted to enter judgments of dismissal complying with Rule 74.01(a), City filed a second motion to amend its petition and an amended petition. On February 24, 1997, the court denied City's second motion for leave to file an amended petition. On February 25, 1997, the trial court: (1) denied

City's motion to set aside the "September 25, 1995,"[1] summary judgment for Credit Union; and, (2) sustained the motions of the individual defendants "to correct order of May 3, 1996," nunc pro tunc by denominating "said order" as a judgment and order. The order entered on May 3, 1996, was not the dismissal order which defendants wanted the court to convert into a judgment; it was the order which first denied City's motion to amend. The order of March 6, 1996, which dismissed the petitions of the individual defendants remains an order which fails to comply with Rule 74.01(a).

In its first point, City argues the trial court erred in granting Credit Union's motion for summary judgment on City's negligence claim because the petition adequately alleged each of the elements of a cause of action for negligence, in that the petition claimed that Credit Union: (1) had actual or constructive knowledge that checks aggregating some $140,000 drawn on City's account at another bank and deposited by Rose Jackson into her account at the Credit Union were illegitimate and fraudulent; (2) breached its duty to notify City of that information; and, (3) facilitated Jackson's theft of funds from City by accepting checks and collecting the funds which those checks represented from the drawee bank.

Credit Union filed a motion to dismiss or for summary judgment. It alleged the appropriate avenue of recovery for City was to pursue an action against its bank, the drawee, and the U.C.C. and applicable case law do not permit a direct action by the drawer of a check against a collecting bank. The judge so found and entered a judgment which complied with Rule 74.01(a). We agree and affirm the summary judgment for Credit Union.

■ On the pleadings and as a matter of law, Credit Union owes no legal duty to City. City pled common law negligence. The pleading alludes to an agreement between the employees of City and Credit Union, and an agreement between City and its employees, but does not allege a contractual relationship between City and Credit Union which would give rise to a contractual duty. There is no authority for a conclusion the collecting bank had a common law negligence duty to the drawer of a check. The legal relationship of a drawer and the collecting bank is circumscribed in the commercial code. The U.C.C. pre-empts the claims and defenses regulating negotiable instruments, bank deposits and collections. *See, Consolidated Public Water Supply v. Farmers Bank,* 686 S.W.2d 844, 853 (Mo.App.1985). In its pleading, City made no effort to allege a cause of action under the commercial code.

■ In *Rizzo Motors, Inc. v. Central Bank of Kansas City,* 825 S.W.2d 354 (Mo. App.1992), the western district of this court considered whether a drawer, as assignee of payee, had a direct cause of action for breach of warranty against the payee's bank, the collecting bank. In the absence of Missouri decisions regarding the issue, the court examined the approaches of other jurisdictions. It adopted the view that a drawer does not have a direct cause of action for breach of warranty against a collecting bank. In reaching its conclusion, the court examined the defenses provided for in the U.C.C. and observed that while it makes some sense to allow the drawer a direct action against a collecting bank for breach of warranty because circuity of action is avoided, allowing such an action would make the assertion of defenses difficult. *Id.* at 356. The court referred to White & Summers on this subject and noted:

> [I]t seems most unlikely that the Code draftsmen intended the drawer to be regarded as "another payor." Apparently the draftsmen intended that the drawer have a suit against his drawee bank for improper payment and that the drawee should bear the burden of raising and arguing any defense, such as negligence, which would preclude the drawer from asserting forgery or the like. To hold that

1. The summary judgment was actually entered on September 26, 1995.

the warranties in 4–207 flow either directly or under a third-party beneficiary theory to the drawer, is to shift the burden of presenting these defenses to the depository or other collecting banks who would be likely defendants in such suit. As indicated before, it seems likely that the drawee is in the best position to prove negligence on the drawer's part, the drawee should therefore be made to do so, and that the drawer has no real complaint if he is limited to a suit against his drawee inasmuch as his own bank is likely to be a convenient defendant located in his own home town. For these reasons we think it unfortunate that some courts have extended the 4–207(1) warranty to the drawer. Some courts have explicitly refused to do so under 4–207.

*Id.* at 357, *quoting,* J. White & R. Summers, *Uniform Commercial Code* Sec. 15–9 (3d ed.1988). While City does not contend the warranties in section 400.4–207 RSMo 1994 run from Credit Union to City, as were the facts in *Rizzo,* the reasoning of the *Rizzo* court applies to the present case. The system of defenses established in the U.C.C. and the fact that the drawee, not the collecting bank, is in the best position to defend against the drawer, compel us to conclude City's appropriate cause of action for accepting and paying on the forged checks is against its bank, the drawee, and not an action for negligence against Credit Union. If Credit Union breached a duty or warranty it owed or warranted to the drawee bank, this may be resolved in an action between the drawee bank and Credit Union in accord with the U.C.C. Credit Union owed no common law, contractual or statutory duty to City. As a matter of law, the summary judgment was not error. Point denied.

In its second point, City argues the trial court erred in dismissing its petition with prejudice as to defendants, Jackson, Wilson and Duckworth. Alternatively, City contends the court abused its discretion in denying City leave to amend its petition. There are preliminary problems with reviewing this issue. First, the nunc pro tunc order which

attempted to provide a final and appealable judgment of dismissal erroneously "corrected" the order of May 3, 1996, which denied a motion for new trial, not the order of dismissal dated March 6, 1996. Second, the denial of motions for leave to amend was twice ordered on the false premise that there was an existing judgment of dismissal. The first denial occurred before this court informed the trial court and the parties that the order of March 6, 1996, was not a judgment. The use of a nunc pro tunc order to correct the prior orders of dismissal to judgments confirms a finding the trial court denied leave to amend on the basis of a prior dismissal.

■■■ Every essential element of fraud must be pled, and failure to plead any element renders the claim defective and subject to dismissal. *Schauer v. Gundaker Movits Real Estate,* 813 S.W.2d 112, 114 (Mo.App. 1991). All averments of fraud are to be stated with particularity, except malice, intent, knowledge and any other condition of the mind which can be averred generally. Rule 55.15. The elements of fraud in Missouri are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and, (9) the hearer's consequent and proximately caused injury. *Heberer v. Shell Oil Co.,* 744 S.W.2d 441, 443 (Mo. banc 1988).

■■■ City failed to plead all the elements of fraud with regards to defendants, Jackson, Wilson and Duckworth. It adequately pled the first element by pleading Jackson represented to City's treasurer that she needed his signature on blank checks for emergency use when the treasurer was unavailable and bills needed to be paid. As to the second element, City may have satisfied an allegation of falsity by alleging the representation

was made "under the guise" that the treasurer's signature would be needed when emergencies arose. It is not necessary for us to determine whether the allegation the representation was a "guise" satisfies the second element because the petition is clearly deficient regarding several of the other elements of fraud.

As to the third element, City failed to plead Jackson's representations were material. There is no allegation which can be read to aver defendant's statements to the treasurer actually induced the treasurer to sign the blank checks or that the treasurer's signature alone would be sufficient to clear one of City's checks. The pleadings never allege Jackson's statements induced the treasurer to sign the blank checks. In fact, the pleadings never allege the treasurer signed any blank checks.

The fourth and fifth elements concern the speaker's knowledge and intent. Rule 55.15 states, "malice, intent, knowledge and any other condition of mind of a person may be averred generally." The allegations in the petition, paragraphs 8, 9 and 10, allege sufficient facts to support a finding of Jackson's knowledge and intent. The fourth and fifth elements of fraud were sufficiently pled.

The petition does not contain any allegations which satisfy the remaining elements. The petition does not allege any facts pertaining to the hearer's ignorance of the false representation, the hearer's reliance on the truth of the representation, or the hearer's right to rely on the representation. As to the ninth element, City alleged, "[d]efendant's, Rose Jackson's, actions were deceitful, wilful, [sic] wanton, malicious and designed to defraud the citizens of The City of Wellston by stealing. That as a result Plaintiff was damaged in the amount of $140,-000.00." This paragraph fails to allege any facts to support a finding that a causal connection exists between the misrepresentation City pled and the $140,000 in damages. *Schauer,* 813 S.W.2d at 115. In addition to the failure to allege a causal connection between the alleged misrepresentation and the

damages, City did not furnish any facts which explain the amount of damages, $140,-000. Exhibit A is a list of check deposits drawn on City's account at its drawee bank which are alleged to be the fraudulent checks. The face amount of the checks totaled $98,636.66. The amount deposited to Jackson's account at Credit Union is $88,-696.66, with cash back to Jackson listed as totaling $5,200 and the payment to other depositors is listed as $4,740.

The "order" of dismissal with prejudice was an attempt to dismiss the cause of action, not just the petition. This is within the trial court's discretion if facts could not be alleged to support proof of all the elements of fraud. The motions to dismiss were in response to the original petition which we find is insufficient. The original petition was subject to dismissal for failure to state a cause of action.

■ However, City also argues if the trial court did not err in its determination that City did not properly and sufficiently plead fraud, then the trial court abused its discretion in denying leave to amend. City filed its first motion for leave to amend its petition after the trial court's order to dismiss of March 6, 1996. It filed its second motion before the nunc pro tunc order. The decision whether to allow a party to amend a pleading is a matter within the discretion of the trial court which we do not disturb unless there is an obvious and palpable abuse of discretion. *Osborn v. Boatmen's Nat'l Bank,* 811 S.W.2d 431, 437 (Mo.App.1991). In reviewing the decision of the trial court, we are concerned with whether justice is furthered or subverted by the trial court's decision. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984). In that context the request to amend after a judgment of dismissal is not the same as one made before dismissal.

Neither of the trial court's rulings on City's motions to amend were decided on the basis that the petition was pending. The first motion to amend was filed after the trial court entered its order which failed to com-

ply with Rule 74.01(a). The second motion to amend was filed before the court attempted to modify an order of dismissal and enter a judgment. The court denied the second motion one day before it attempted to correct a previous order by an order nunc pro tunc to denominate it a judgment. The trial court's misuse of the nunc pro tunc procedure confirms that the trial court's denial of leave to amend may have been based on the legally erroneous belief the case was not pending. Thus, the trial court has not considered City's motion for leave to amend its petition in the context of a pending lawsuit.

For two reasons, we reverse and remand for a reconsideration of City's motion for leave to amend against the individual defendants. First, there is no clear judgment of dismissal. Second, the court erred in denying leave to amend with the expressed or implied belief the petition was previously dismissed. We affirm the summary judgment for Credit Union. We reverse the dismissals of the petition against the individual defendants and remand for consideration of plaintiff's motion to amend.

AHRENS, P.J., and CRANDALL, J., concur.