Vince E. MANZER and Margaret F. Manzer, Plaintiffs/Appellants,

v.

Jorge M. SANCHEZ, Manzer, Sanchez & Associates, Inc., Dan Ising and Robert McIntntyre, Defendants/Respondents.

No. 74548.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 9, 1999.

Michael A. Becker, St. Louis, for appellants.

Warren W. Friedman, Kenneth B. Newman, St. Louis, Garry McCubbin, Creve Coeur, for respondents.

ROBERT G. DOWD, Jr., Chief Judge.

Vince E. Manzer and Margaret F. Manzer (collectively Appellants) appeal from the judgment of the trial court granting Jorge M. Sanchez (Sanchez), Manzer, Sanchez & Associates, Inc. (MSA), Dan Ising (Ising), and

Robert McIntyre's (McIntyre) (collectively referred to as Respondents) motions to dismiss and dismissing Appellants' petition with prejudice. Appellants contend the trial court erred in (1) not ruling on Appellants' Motion for Leave to File First Amended Petition, and (2) treating MSA's Verified Motion to Dismiss as a motion for summary judgment without proper notice to the parties. We reverse and remand.

Appellants filed a nine-count petition against Respondents. The petition was captioned "Verified Petition for Injunctive and Other Relief" and was brought by Vince E. Manzer, "individually and derivatively," and by Margaret F. Manzer, "as Trustee of the Paul V. Manzer Trust dated May 15, 1992." The petition stated that Vince E. Manzer was the President, shareholder and a director of M.S.A. § at all times relevant to the action and that Margaret F. Manzer is the trustee of the Paul V. Manzer trust and in that capacity was a shareholder of M.S.A. § at all times relevant to the action.

Respondents filed motions to dismiss for failure to state a claim. MSA filed a Verified Motion to Dismiss for failure to state a claim because Appellants, as individual shareholders, lacked standing to bring an action in their own right for the recovery of corporate funds and property; specifically stating that the right to maintain such an action belongs to the corporation, MSA, and the action must be brought derivatively. The motion further explained that the 3,000 shares of M.S.A. § stock issued to Paul V. Manzer had been recalled and/or retired. MSA's motion alternatively stated that the 3,000 shares of stock was void *ab initio,* inasmuch as the shares could never have been validly issued as collateral for a loan consistent with the language of Section 351.160, RSMo 1994, governing the issuance of stock certificates. MSA's motion to dismiss also stated that Vince E. Manzer lacked standing to bring a claim as a shareholder because there was no valid consideration paid for his shares.

Ising and McIntyre filed a motion to dismiss the petition for failure to state a cause of action because the mere allegation that they worked for Sanchez did not establish a violation of a duty. Ising and McIntyre's motion to dismiss incorporated and adopted by reference MSA's Verified Motion to Dismiss.

Sanchez filed a separate motion to dismiss for failure to state a claim upon which relief could be granted. Sanchez attacked each count of Appellants' petition pointing to specific defects. The motion to dismiss further stated Appellants lacked standing to sue as individual shareholders and that any such action must be brought derivatively in the name of MSA. Sanchez also joined in the dismissal motion filed by MSA.

Appellants filed a Motion for Leave to File an Amended Petition and a proposed First Amended Petition. The proposed amended petition was again brought by Vince E. Manzer acting "individually and derivatively" and by Margaret F. Manzer as trustee. The proposed amended petition contained six counts: Count I for an accounting, Count II for fraud, Count III for conversion, Count IV for fraud committed by aiders and abettors, Count V for injunctive relief, and Count VI for declaratory judgment.

Shortly after Appellants filed the motion for leave, Appellants' counsel moved for leave to withdraw. Appellants' new counsel filed an entry of appearance thereafter. After a hearing, the trial court granted each of Respondents' motions to dismiss.

Appellants filed a Motion to Reconsider the Dismissal or, in the Alternative, to Clarify Judgment. The trial court issued an order clarifying that the dismissals were with prejudice and that Appellants' motion to reconsider was overruled and denied in all other respects. Appellants appealed, but the appeal was dismissed on the ground that the appeal had not been taken from a final judgment. Appellants filed a request for a Nunc Pro Tunc Amendment requesting that the order dismissing the cause be denominated a "judgment." The trial court then signed a judgment stating the following:

## JUDGEMENT

I. Verified Motion of Defendants Manzer, Sanchez & Associates, Inc., to dismiss Plaintiff's Petition dated July 3, 1996 heard and granted.

II. Motion of Defendants Daniel Ising and Robert McIntyre to dismiss filed July 9, 1996 heard and granted.

III. Separate Defendant Jorge Sanchez's Motion to Dismiss filed July 9, 1996 heard and granted.

IV. This Court's prior rulings on November 4, 1996 were with prejudice. Plaintiffs have no responsibility for Defendants' attorneys fees. Plaintiffs' post-trial motion overruled and denied in all other aspects.

Appellants appeal from this judgment.

■ First, we must determine whether the trial court's order constitutes a dismissal or a summary judgment, and therefore we address Appellants' second point first. In that point, Appellants argue the trial court treated MSA's Verified Motion to Dismiss as a motion for summary judgment without giving the proper notice to the parties as required by Rule 55.27(a). MSA presented to the court exhibits and documents outside the pleadings along with its motion to dismiss. Appellants contend that under Rule 55.27(a), when information outside the pleadings is presented to and not excluded by the court, a motion to dismiss is to be treated as one for summary judgment.

■ Before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must first notify the parties that it is going to do so, and give the parties the opportunity to present all materials pertinent to a motion for summary judgment. Rule 55.27(a); *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo.App. E.D.1997). Here, there is no evidence in the record that the court notified the parties that it intended to review the pleadings and documents as a summary judgment or that it considered matters outside the pleadings. Therefore, the court did not improperly treat MSA's motion to dismiss as a motion for summary judgment. We deny Appellants' point.

■ In their first point, Appellants argue the trial court abused its discretion in not ruling on Appellants' motion for leave to amend. Appellants contend allowing counsel to withdraw at the same time the motion to amend was filed resulted in prejudicial error. Appellants further argue the trial court erred in dismissing the case with prejudice while the motion to amend was pending.

■ Rule 55.33 provides that leave to amend a petition "shall be freely given when justice requires." The decision whether to allow a party to amend a pleading is a matter within the discretion of the trial court which we do not disturb unless there is an obvious and palpable abuse of discretion. *City of Wellston v. Jackson*, 965 S.W.2d 867, 871 (Mo.App. E.D.1998). In reviewing the decision of the trial court, we are concerned with whether justice is furthered or subverted by the trial court's decision. *Id.* Factors that should be considered in deciding whether to allow leave for an amendment are hardship to the moving party if leave to amend is not granted, the reasons for failure to include any new matter in earlier pleadings, timeliness of the application, whether the amendment could cure the inadequacy of the moving party's pleading, and the injustice resulting to the party opposing the motion should it be granted. *Curnutt v. Scott Melvin Transport, Inc.*, 903 S.W.2d 184, 193 (Mo.App. W.D.1995).

■ Appellants argue after considering these factors, the trial court's failure to grant leave to amend the petition was an abuse of discretion and prejudicial. We agree. Appellants suffered a severe hardship in that their original petition was dismissed with prejudice and therefore, Appellants are prohibited from ever bringing the action. One key factor in this case is whether the proposed amendment could cure the inadequacy of the petition in light of Respondents' motions to dismiss. Appellants' proposed amendment would have cured the procedural defects of the original petition. Appellants' proposed First Amended Petition articulated sufficient facts to support their claims, and the proposed amendment did not set forth or add any new causes of action.

Appellants' proposed amendment set out claims of direct injury and claims of injury to the corporation. Appellants brought the action "individually and derivatively" and prop-

erly brought in the corporation, MSA, as a necessary party. *See Broski v. Jones*, 614 S.W.2d 300 (Mo.App.1981). Appellants pled the allegations required by Rule 52.09 which requires for a derivative action that "the petition shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which there is a complaint ... The petition shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action desired from the directors or comparable authority and, if necessary, from the shareholders or members and the reasons for the failure to obtain the action or for not making the effort." Paragraphs 1 and 2 of the proposed First Amended Petition alleges that Appellants were shareholders at all times relevant to the action. Paragraph 14 of the proposed First Amended Petition provides, in part, "Plaintiffs have made demand upon the corporation and corporate counsel of M.S.A. § to take action against Jorge M. Sanchez and the corporation has refused to take any such action.

Count I of the proposed First Amended Petition sought an "Accounting." The elements which must be pleaded in an action for an accounting are: (1) the need for discovery; (2) the complicated nature of the accounts; (3) the existence of a fiduciary or trust relationship; and (4) the inadequacy of a legal remedy. *Dawson v. Dawson*, 645 S.W.2d 120, 129 (Mo.App. W.D.1982). We find all the elements for an accounting action are sufficiently pled in Appellants' proposed First Amended Petition.

Count II of the proposed amendment was an action against Sanchez for fraud and Count IV was an action against Ising and McIntyre for "Fraud committed by Aiders and Abettors." Every essential element of fraud must be pled, and failure to plead any element renders the claim defective and subject to dismissal. *City of Wellston*, 965 S.W.2d at 870. All averments of fraud are to be stated with particularity, except malice, intent, knowledge and any other condition of mind which can be averred generally. Rule 55.15. The elements of fraud in Missouri are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury. *City of Wellston*, 965 S.W.2d at 870.

We find Appellants have sufficiently pled facts alleging fraud in Count II of the proposed amendment. However, we find that in Count IV of the proposed amendment Appellants have failed to plead a cause of action. This defect in the proposed amendment is not fatal as to the consideration of whether the proposed amendment cures the defects of the original petition.

Count III of the proposed First Amended Petition was an action for "Conversion." Conversion is the unauthorized assumption and exercise of the right to ownership over personal property of another to the exclusion of the owner's rights. *Dwyer v. Unit Power, Inc.*, 965 S.W.2d 301, 305 (Mo. App. E.D.1998). As a general rule, conversion is not the proper remedy to recover on an ordinary debt. Rather, as a general rule, conversion only lies for a specific chattel which has been wrongfully converted. *Id.* at 305–306. However, specific checks, drafts, or notes will support a conversion action where they can be described or identified as a specific chattel. *Id.* at 306. There are three elements which must be established to prove conversion: (1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession. *Muir v. Ruder*, 945 S.W.2d 33, 35 (Mo.App. E.D.1997). We find Appellants have pled all the necessary elements to allege conversion in the proposed First Amended Petition.

Count V of the proposed amendment was an action for "Injunctive Relief." To state a claim for injunctive relief, plaintiff must plead he has no adequate remedy at law. *Snelling v. City of St. Louis, Dept. of*

*Public Utilities–Water Div.,* 897 S.W.2d 642, 646 (Mo.App. E.D.1995). We find Appellants have sufficiently pled a cause of action for injunctive relief.

Count VI of the proposed First Amended Petition sought "Declaratory Judgment" as an alternative or in addition to the equitable relief requested in Count V. We find Appellants have sufficiently pled in the proposed amendment a theory seeking declaratory judgment.

There is no demonstrated prejudice to Respondents which would occur if leave to file amended petition were granted. The motion for leave to amend was filed prior to an answer and before a trial date was set. Further, the proposed First Amended Petition did not set forth any new causes of action.

For the foregoing reasons, the trial court abused its discretion in not allowing Appellants leave to amend the petition.

Reversed and remanded for further proceedings.

KAROHL, J., and CRIST, Senior Judge, concur.