**EBO FINANCIAL SERVICES, INC., Appellant,**

v.

**CLEAR CHANNEL BROADCASTING, INC., Respondent.**

No. ED 84472.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 7, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 9, 2005.

Application for Transfer Denied April 5, 2005.

Nicholas G. Higgins, Ballwin, MO, for appellant.

Rebecca R. Jackson, K. Lee Marshall, Laura M. Rehm, St. Louis, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., and BOOKER T. SHAW, J.

### ORDER

PER CURIAM.

EBO Financial Services, Inc. ("EBO") appeals from the trial court's judgment dismissing its petition for breach of contract and implied warranty against Clear Channel Broadcasting, Inc. ("CCB") for failing to state a cause of action. EBO raises two points on appeal. First, EBO claims the trial court erred in denying its motion for leave to amend the petition because the denial would cause EBO great hardship, failure to include the omitted information was inadvertent, the motion was timely filed, an amendment would cure any inadequacy, and CCB would suffer no prejudice. Second, EBO argues the

trial court erred in its interpretation of the disclaimer of warranties clause in the contract because EBO claims it was deficient under Missouri law.

We have reviewed the briefs of the parties and the legal file. The trial court did not err in dismissing EBO's petition for failing to state a claim upon which relief could be granted. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). The trial court did not abuse its discretion in denying EBO's motion for leave to amend its petition. *Manzer v. Sanchez,* 985 S.W.2d 936, 939 (Mo.App. E.D.1999). An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.14(b).