Melinda SLOAN–ODUM, Appellant,

v.

John C. WILKERSON, Respondent.

No. ED 86058.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 22, 2005.

Spencer E. Farris, St. Louis, MO, for appellant.

Martin M. Clay, Sr., St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Melinda Odum appeals from a judgment of the Circuit Court of St. Louis County denying her Motion for Leave to file a counterclaim for personal injuries in connection with an automobile accident between her and Plaintiff John Wilkerson. In her appeal, Ms. Odum contends that the trial court improperly precluded her claim for personal injuries when it denied her leave to amend an answer filed on her behalf by the State of Missouri, her employer. We reverse and remand.[1]

### Statement of the Facts and Proceedings Below

On July 9, 2002, Melinda Odum struck John Wilkerson with her van as Mr. Wilkerson tended to his disabled vehicle in an eastbound lane of Interstate 70 in North St. Louis County. As a result of the collision, both Mr. Wilkerson and Ms. Odum were injured. At the time of the accident, Ms. Odum worked for the State of Missouri, was engaged in her duties and was driving a state-owned vehicle.

On August 7, 2003, Mr. Wilkerson filed a Petition against Ms. Odum and the State of Missouri for property damage and personal injuries. The Missouri Attorney General filed an answer on behalf of both Ms. Odum and the State, which included a counterclaim for damage to the state-owned vehicle.

After the pre-trial conference of June 8, 2004, the trial court set the matter for trial on December 6, 2004. On November 24, 2004, Ms. Odum's counsel faxed a letter to attorneys for the State and Mr. Wilkerson advising of his intention to file a counterclaim for Ms. Odum's "medical damages." Counsel for Mr. Wilkerson responded that his client would object to the filing of a counterclaim "at this late date." On November 29, 2004, counsel for Ms. Odum served his entry of appearance, Motion for Leave, Counterclaim and Notice of Hearing scheduled for December 6, 2004.

The legal file discloses that the trial court denied the Motion for Leave to Amend. However, the trial court's order contains no reason for the denial. In addition, there is no record of the grounds argued to the trial court in support of or in opposition to the Motion for Leave to Amend.

The trial commenced, as scheduled, on December 6, 2004. The jury rendered a verdict on December 8, 2004, finding in favor of Mr. Wilkerson on his claim for personal injuries, awarding $800,000, and

---

1. Ms. Odum has not appealed the finding of liability and the award of damages in favor of Mr. Wilkerson. Accordingly, our opinion does not affect the judgment in favor of Mr. Wilkerson and against Ms. Odum.

assessing 80% of the fault to Ms. Odum. Following the trial court's denial of Defendants' Motion for Judgment Notwithstanding the Verdict or Alternatively for New Trial, Ms. Odum appealed.

### Discussion

■ In her sole point, Ms. Odum contends that the trial court erred in denying her Motion for Leave to Amend her answer to add a counterclaim for personal injuries. Specifically, Ms. Odum asserts that the trial court abused its discretion when it failed to consider the prejudice that resulted to Ms. Odum from denying her leave to amend. In response, Mr. Wilkerson asserts that the trial court properly denied leave to amend because Ms. Odum failed to allege new facts in support of her proposed counterclaim and a late amendment would cause prejudice to Mr. Wilkerson.

■ As an initial matter, we note that Rule 55.33(a) provides, in pertinent part, that a "pleading may be amended only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A trial court has broad discretion to grant a party leave to amend an answer. *Dwyer v. Meramec Venture Assoc., L.L.C.*, 75 S.W.3d 291, 292 n. 1 (Mo.App. E.D.2002). However, "it is an abuse of discretion to not grant such leave when justice so requires." *Id.*

■ To determine whether the trial court erred in denying leave to amend, we consider: 1) the hardship to the moving party; 2) the reasons for the moving party's failure to include the matter in the original pleadings; and 3) the injustice to the nonmoving party should leave to amend be granted. *Lester v. Sayles*, 850 S.W.2d 858, 869 (Mo.banc 1993).

Ms. Odum contends the trial court's denial of leave to amend extinguished her claim for personal injuries and thereby caused hardship. Mr. Wilkerson has not responded to Ms. Odum's assertion that the denial of the Motion for Leave to Amend caused her hardship.

We agree that the denial of leave to amend resulted in the effective preclusion of Ms. Odum's claim and thereby caused hardship. *See Choate v. Hicks*, 983 S.W.2d 611, 613 (Mo.App. S.D.1999) (trial court's denial of leave to amend pleadings to assert compulsory counterclaim "subjects her to obvious hardship") *abrogated*, in part, by *Joel Bianco Kawasaki Plus v. Meramec Valley Bank*, 81 S.W.3d 528, 532 (Mo.banc 2002); *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. E.D.1999) (severe hardship exists where denial of leave to amend results in preclusion of cause of action). We also agree that there is no record evidence suggesting the trial court considered this critical factor.

■ Unquestionably, Ms. Odum's claim constituted a compulsory counterclaim under Rule 55.32(a).[2] Her injuries arose from the same accident forming the basis of Mr. Wilkerson's claim for personal injuries. The purpose of Rule 55.32 is "to serve as a means of bringing all logically related claims into a single litigation, through the *penalty of precluding the later assertion of omitted claims*." *Joel Bianco Kawasaki*, 81 S.W.3d at 532 (internal quotation omitted) (emphasis in original). Thus, any attempt by Ms. Odum to file a separate lawsuit claiming damages for her

2. Rule 55.32(a) provides, in pertinent part: "A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

personal injuries could properly be met with an affirmative defense asserting Ms. Odum's failure to seek relief by way of a counterclaim in Mr. Wilkerson's suit. *See Id.* at 530–32.

 We next address Ms. Odum's rationale for failing to include her counterclaim in her original pleadings. Ms. Odum asserts that her delay in filing the counterclaim was caused by the requirement that she, rather than the State, assert her claim for personal injuries.[3] Mr. Wilkerson responds simply that given the nature of her claims, Ms. Odum could have filed her counterclaim earlier. Although we agree that Ms. Odum could have filed her counterclaim earlier, this alone, particularly in light of the fact that the content of the initial answer was statutorily limited, is not sufficient to outweigh the serious hardship incurred by the denial of leave to amend. Although we cannot ascertain precisely the reason for the denial, the record before us suggests that the sole reason for the denial was the timing of the request. As in *Lester v. Sayles,* where, as here, the record suggests that the trial court relied solely on the timing of the request, denial of a request for leave to amend is an abuse of discretion. *See Lester,* 850 S.W.2d at 870.

Lastly, we consider the prejudice to Mr. Wilkerson if the trial court had granted the leave to amend. Mr. Wilkerson contends that the grant of the motion for leave to amend would have precluded normal discovery. As an initial matter, as Mr. Wilkerson concedes, the proposed counterclaim did not present any new facts with respect to the accident. Moreover, although the counterclaim does allege that Ms. Odum sustained personal injuries, Mr. Wilkerson deposed Ms. Odum in advance

of trial and explored the nature and extent of her injuries. In addition, although the proposed counterclaim would have put Ms. Odum's claimed damages in issue at trial, the trial court could have either bifurcated the issue of damages or continued the trial upon Mr. Wilkerson's request. Indeed, there is no indication that delay was a problem in this case as it had not been pending for a lengthy period of time and neither side previously had sought to continue the December 6, 2004 trial setting. Point granted.

### Conclusion

We reverse the trial court's denial of Ms. Odum's Motion for Leave to Amend and remand for entry of an order granting Ms. Odum's Motion for Leave to Amend and for further proceedings.

MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J., Concurs.

---

**3.** Pursuant to the terms of the State Legal Expense Fund, the Attorney General was obligated to handle Ms. Odum's defense to Mr. Wilkerson's claim, but was not obligated to prosecute her claim for personal injuries. Section 105.716.1 RSMo 2000.