

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ADDIE SMITH, | ) | No. ED112647 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 21SL-CC03757 |
| | ) | |
| ZION TRAVELERS MISSIONARY | ) | |
| BAPTIST CHURCH, | ) | Honorable Bruce F. Hilton |
| | ) | |
| Respondent. | ) | Filed: December 24, 2024 |

### Introduction

Addie Smith (Smith) appeals from the judgment of the trial court denying her motion to amend the pleadings in her petition for damages against Zion Travelers Missionary Baptist Church (the Church) and granting summary judgment in favor of the Church. We reverse both of the trial court's orders denying Smith's motion to amend her petition and granting the motion for summary judgment, and we remand for further proceedings in accordance with this opinion.

### Background and Procedure

In 2021, Smith filed a petition for damages against the Church under a theory of premises liability. Smith asserted that there was a defective threshold leading into the Church in a location frequently used by invitees, and that on May 5, 2019, Smith sustained

serious injuries, including multiple facial fractures and broken teeth, after she "collided with a broken and defective threshold of the entrance and fell." She was 96 years old at the time of the injury. She further asserted the Church knew or should have known about the defective doorway threshold but failed to use ordinary care to keep its premises safe for invitees or to warn of the danger.

After a period of discovery, the Church filed a motion for summary judgment, asserting, first, Smith could not prove all the elements of her claim, in that the undisputed facts established Smith did not fall as a result of a defective threshold and she did not collide with a defective doorway threshold. Rather, the Church attached Smith's deposition, in which she testified that, as she was exiting the church through a doorway using her cane, the door swung closed unexpectedly, knocking her to the ground and causing her injuries.

Smith filed a response and objection to the Church's statement of uncontroverted material facts, challenging the Church's assertion Smith did not fall as a result of a defective threshold. Smith included the deposition of a witness (Witness), who testified that, while he was helping Smith to her car, he saw Smith fall when her walker got caught on the threshold, causing her to fall forward. Witness attested that, when Smith crossed the threshold, the door was propped open and it did not close on Smith and hit her. Nevertheless, Smith agreed she had testified in her deposition that, contrary to Witness' testimony, she fell as a result of the door swinging closed and knocking her to the ground, and that she did not trip. As well, regarding whether the Church knew about the dangerous condition, Smith submitted a statement of additional facts from Witness' deposition, in

2

which he attested the door was known to close unexpectedly when it was propped open, and that it had previously swung closed "a few" times.

Smith also attached the deposition of Smith's daughter (Daughter), in which she attested that both the Church's threshold and door were known safety issues. Regarding the door, she testified when the door was propped open, it would "sometimes" swing closed. Regarding the threshold, she testified "[e]veryone has problems with that when the snow and everything is out, yes, because there is a slope." However, Daughter agreed it was not snowing on May 5, 2019 when Smith fell. Daughter also testified that another church member witnessed Smith's fall, but the record does not indicate whether this second witness had yet been deposed. Last, Daughter testified that as a result of her fall, Smith was unable to eat for six months, she experienced continuing reduced mobility and mental acuity, and she began suffering from transient ischemic attacks, caused by blockages of blood flow to the brain.

The Church scheduled a hearing on its motion for summary judgment for March 19, 2024. On March 17, 2024, Smith filed a motion to amend her petition, seeking to add facts and allegations learned during the discovery process, specifically including "allegations regarding the defective nature of the subject door." Smith requested the trial court hear arguments on her motion to amend at the scheduled March 19, 2024 hearing. After the hearing, the trial court denied Smith's motion to amend her petition and granted the Church's motion for summary judgment. In its judgment granting summary judgment for the Church, the trial court found the testimony of Witness contradicting Smith's statement of how she was injured to be "implausible." This appeal follows.

3

<u>Discussion</u>

Smith raises eight points on appeal. Points I-IV challenge the trial court's denial of her motion to amend the pleadings in her petition for damages, and Points V-VIII challenge the trial court's grant of summary judgment in favor of the Church. We agree that the trial court abused its discretion in denying Smith's motion to amend her pleadings, and we reverse on that basis, which likewise requires a reversal of the trial court's grant of summary judgment.

"As a general rule, amendments to pleadings should be liberally allowed." <u>Asmus v. Capital Region Family Practice</u>, 115 S.W.3d 427, 432 (Mo. App. W.D. 2003); <u>see also</u> Rule 55.33(a).[1] The trial court has broad discretion to allow or disallow amendments to the pleadings, and we review a trial court's denial of a motion to amend a pleading for an abuse of that discretion. <u>Soybean Merchandising Council v. AgBorn Genetics, LLC</u>, 534 S.W.3d 822, 833 (Mo. App. W.D. 2017). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. <u>Asmus</u>, 115 S.W.3d at 437. In reviewing the trial court's denial of a motion to amend the pleadings, this Court considers "whether justice is furthered or subverted by the trial court's decision." <u>Moore v. Armed Forces Bank, N.A.</u>, 534 S.W.3d 323, 328 (Mo. App. W.D. 2017) (citation omitted).

In determining whether to permit an amendment to a pleading, courts should consider such factors as hardship to the moving party if the amendment is denied, undue prejudice to the opposing party if the amendment is granted, the reasons the new matter

---

[1] All rule references are to Mo. R. Civ. P. 2024, unless otherwise indicated.

4

was not included in earlier pleadings, the timeliness of the motion, bad faith by the moving party, and whether the amendment would cure any deficiency in the pleading. Asmus, 115 S.W.3d at 433 (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). Failing to consider these elements indicates an abuse of discretion, in that it demonstrates a lack of careful consideration. See ACLU of Missouri v. Maries County Sherriff's Office, 688 S.W.3d 816, 819 (Mo. App. S.D. 2024) (finding abuse of discretion in trial court's denial of motion to amend when record indicated trial court did not consider any listed factors before denying ACLU's request to amend its petition); Asmus, 115 S.W.3d at 437 (citing Forman, 371 U.S. at 182)).

The trial court here gave no reason for denying Smith's motion to amend her pleadings. A flat denial with no justifying reason "is not an exercise of discretion; it is merely abuse of that discretion." Asmus, 115 S.W.3d at 437 (citing Forman, 371 U.S. at 182). Without an explanation for the ruling, this Court cannot determine whether the trial court considered the factors it should have, and we will not speculate as to the trial court's basis for its decision. See id. (declining to speculate on review as to trial court's reasons for denial of motion to amend pleadings).

Although the Church argues that it was Smith's burden on appeal to present a record from which this Court can determine whether the trial court abused its discretion in denying Smith's motion to amend her pleadings, this argument ignores relevant caselaw on this issue. Rather, the trial court is compelled to consider certain factors when denying a motion to amend a petition, and failing to do so may, in itself, support a finding of an abuse of discretion. See, e.g., ACLU, 688 S.W.3d at 819; Sloan-Odum v. Wilkerson, 176 S.W.3d 723, 726 (Mo. App. E.D. 2005) (finding abuse of discretion when record did not show trial

5

court considered critical factors in denying motion to amend pleadings); Asmus, 115 S.W.3d at 437.

Under the circumstances here, we find the trial court should have allowed Smith to amend her petition. In determining whether the trial court abused its discretion in denying leave to amend, this Court considers the same factors set forth in Asmus v. Capital Region Family Practice. See Sloan-Odum, 176 S.W.3d at 725. First, and most critically, our review of the record here shows that denying Smith's motion to amend her petition resulted in hardship by extinguishing Smith's claim against the Church. See Manzer v. Sanchez, 985 S.W.2d 936, 939 (Mo. App. E.D. 1999) (court will find hardship for movant when denial of motion to amend results in dismissal of original petition).

Smith's original petition alleged injury from a defective threshold, and, in her motion to amend, she requested to add facts and allegations learned during discovery regarding the defective nature of the door. The trial court did not allow Smith to add claims about the defective door to her petition and then granted summary judgment on the basis that there was no genuine issue of material fact as to whether she was injured by the defective threshold. Had the trial court allowed Smith to amend her petition to add the defective door as an alternate theory of injury, the new claim would have defeated summary judgment because the Church would have had to prove it was entitled to summary judgment on Smith's second theory of recovery. See Predovic v. Empire Dist. Elec. Co., 603 S.W.3d 366, 370 (Mo. App. S.D. 2020) (where non-moving party alleges alternate theories of recovery, moving party has to establish it is entitled to summary judgment on both theories before summary judgment is appropriate). The trial court should have considered, but did not, that the effect of its denial would be to terminate Smith's case

6

against the Church.  See Sloan-Odum, 176 S.W.3d at 726 (trial court abused its discretion in denying motion to amend when it failed to consider "critical factor" of whether denial precluded cause of action).

Second, allowing Smith to amend her motion would not have prejudiced the Church.  The parties were still actively engaged in discovery and the case had not yet been set for trial.  See Wheelehan v. Dueker, 996 S.W.2d 780, 782 (Mo. App. E.D. 1999) (no prejudice to non-movant would have resulted from granting movant's motion to amend petition when case was still in preliminary stage, discovery was not completed, and trial was not set).  Daughter's deposition revealed that there was another witness to Smith's fall who had not yet been deposed, who could have helped determine how Smith sustained her injuries.  Notably, in its suggestions in opposition to Smith's motion to amend, the Church did not allege it would be prejudiced by the amended motion but merely argued that all its work based on the original pleadings would be "wasted."  Wasted effort does not rise to the level of prejudice.  See Germania St., LLC v. Jackson, 509 S.W.3d 123, 126 (Mo. App. E.D. 2016) (motion for leave to amend results in prejudice only if non-moving party is deprived legitimate claim or defense).

Third, while we agree with the Church that Smith has not explained why she alleged one theory of injury in her petition and a different theory of injury in her deposition, the record does not show this reason was the basis for the trial court's denial of the motion to amend.  Had the trial court given this reason for its denial, it might have supported the trial court's denial of the motion to amend the petition.  See Dibrill v. Normandy Assocs., Inc., 383 S.W.3d 77, 92 (Mo. App. E.D. 2012).  However, the trial court did not provide any basis for its decision, and we decline to speculate as to its reasons for the denial.  We note

that neither party challenges that Smith sustained serious injuries as a result of a fall at the Church, regardless of whether the fall was caused by Smith tripping over a threshold or being knocked over by a door swinging shut. Missouri courts generally favor reaching a decision on the merits on the claim, rather than disposing of the case on technical or procedural grounds. See Asmus, 115 S.W.3d at 436 (it is more in keeping with purposes of pleading rules to allow amendment than to "preclude amendment on a technicality without consideration of how justice would best be served").

As to the remaining considerations, there was no allegation that Smith's late motion to amend her pleadings was in bad faith. Further, although it would have been better to bring the motion to amend her original petition immediately after Smith's deposition in which she alleged her injury was caused by a defective door rather than a defective threshold, her fault in the delay did not justify denying her motion, in light of the severe hardship caused by the denial. See Sloan-Odum, 176 S.W.3d at 726 (movant's fault in failure to timely file motion to amend was not sufficient to outweigh serious hardship incurred by denial of leave to amend).

Under the circumstances, the trial court's denial of Smith's motion to amend her pleadings was an abuse of discretion because it resulted in severe hardship to Smith, and the remaining considerations, even those negative to Smith, do not outweigh that hardship. See Manzer, 985 S.W.2d at 939. Points I-IV are granted.

In Smith's Points V though VIII, she argues the trial court erred in granting summary judgment in favor of the Church. Because we grant Points I-IV and remand with instructions for the trial court to allow Smith to amend her pleadings to add an alternate theory of recovery, we necessarily reverse the trial court's grant of summary judgment too.

8

If the non-moving party has alleged alternate theories of recovery on the same claim, summary judgment is only proper if the moving party has established it is entitled to judgment as a matter of law on both theories. Predovic, 603 S.W.3d at 370; Altidor v. Broadfield, 576 S.W.3d 272, 278 (Mo. App. E.D. 2019). In Smith's original petition, she asserted the dangerous condition was the threshold. In her motion to amend her petition, she requested to be allowed to add "allegations regarding the defective nature of the subject door." Her motion clearly demonstrated that she intended to add an alternate theory of recovery asserting that the door was a dangerous condition.

If the trial court had properly allowed Smith to amend her petition to include the alternate theory of recovery that the door was a dangerous condition, the trial court would have had to deny the Church's motion for summary judgment, which was based solely on the issue of whether the threshold was a dangerous condition. See Altidor, 576 S.W.3d at 278 (to be entitled to summary judgment, party moving for summary judgment must show it is entitled to judgment as matter of law on every viable theory pled). The Church can file another summary-judgment motion to establish it is entitled to judgment as a matter of law on all theories pled in the amended petition after further discovery. Therefore, at this time, the trial court's grant summary judgment was not appropriate.

## Conclusion

We reverse the trial court's order denying Smith's motion to amend her petition, and we remand with instructions for the trial court to grant Smith's motion to amend her petition by adding a second theory of recovery. We reverse the trial court's grant of summary judgment in favor the Church.

9

_____
Gary M. Gaertner, Jr., J.

Philip M. Hess, P.J., and
Lisa P. Page, J., concur.