ELMER POWELL v. BUCHANAN COUNTY, Appellant.—155 S. W. (2d) 172.

Division One, October 30, 1941.

*Joseph A. Sherman* and *John W. Mitchell* for appellant.

*Lewis F. Randolph* for respondent.

HYDE, C.—This is an action to recover from Buchanan County the balance claimed to be due plaintiff for his salary as Chief

Deputy to the County Highway Engineer. The defense made was that the County Court did not authorize plaintiff to be appointed (pleading Section 11862, R. S. 1929); and that no record of any such appointment or order permitting it was ever entered. (Pleading Section 11863, R. S. 1929.) The court entered judgment for plaintiff and defendant has appealed.

The judgment contained the following findings:

"That the plaintiff was duly appointed Chief Deputy County Highway Engineer by the Highway Engineer of Buchanan County, Missouri, on the 16th day of January, 1935, and that from and after said date until and including the 31st day of December, 1936, the plaintiff continued to act and serve under said appointment as Chief Deputy County Engineer of Buchanan County; . . . that from and after the 16th day of January, 1935, the plaintiff was paid a salary of One Hundred and Twenty-five Dollars ($125.00) per month instead of One Hundred and Sixty Dollars ($160.00) per month as provided in Section 11856, R. S. 1929, and that there is due and owing the plaintiff for unpaid salary during the year 1935 the sum of Four Hundred and Two Dollars and Fifty Cents ($402.50); . . . that during the year 1936, the plaintiff was paid at the rate of One Hundred and Forty Dollars ($140.00) per month instead of One Hundred and Sixty Dollars ($160.00) per month for the full twelve months' period; and that there is due and owing the plaintiff for unpaid salary as Chief Deputy County Highway Engineer for the year 1936 the sum of Two Hundred and Forty Dollars ($240.00), making a total amount due and owing the plaintiff for unpaid salary as Chief Deputy County Highway Engineer the sum of Six Hundred and Forty-two Dollars and Fifty Cents ($642.50) for which the plaintiff should have judgment."

Defendant contends that the evidence is not sufficient to support the finding that plaintiff was appointed Chief Deputy County Highway Engineer and was entitled to the salary provided for such office. Plaintiff relies upon Whalen v. Buchanan County, 342 Mo. 33, 111 S. W. (2d) 177. The evidence showed that on January 1, 1935, the term of the then County Highway Engineer expired; that the County Court did not reappoint him or appoint a new County Highway Engineer at that time; but that, by order of record, it did appoint plaintiff to be "Chief Clerk Engineer's Office." Plaintiff testified that he performed the duties of the engineer during the first fifteen days of January, 1935. On January 15, the County Court, by order of record, appointed "Glen B. Riddle, County Highway Engineer." Riddle testified that he appointed plaintiff as Chief Deputy; that he made a memorandum showing this appointment, together with that of his stenographer and two assistants, and gave it to the Deputy County Clerk; and that plaintiff thereafter performed the duties of Chief Deputy until the end of 1936, was in charge of the office in

the absence of the Highway Engineer, and had authority to give orders to the other assistants. Riddle also said that he asked the court "different times for them to raise the amount to that salary" (statutory salary of Chief Deputy); but that "we were working under a very limited budget." One of the county judges said the reason the full salary was not paid was that "first $70,000.00 had to be deducted out of the road fund to pay interest on warrants and judgment bonds; consequently we were short of money." He said that plaintiff performed the duties of the office of Chief Deputy. The Engineer's office payroll, certified by Mr. Riddle each month to the court, merely listed the names, and amount of salary for each month, of each of his deputies and assistants, without any designation of position. (In the same form as that set out in Whalen v. Buchanan County, supra.) Mr. Riddle said the reason plaintiff was not paid the statutory salary "was a budgetary proposition;" and that "the county court makes up the budget." In the warrants issued for plaintiff's salary, he was designated in some as "Bookkeeper Highway Department," and "Bookkeeper Engineer's Office;" and in others as "Clerk Highway Engineer" and "Clerk Highway Department." Some warrants merely stated "for salary Highway Department;" while some said "Chief Clerk" and "Chief Clerk Highway Department." Plaintiff testified he performed all the duties of Highway Engineer during the first fifteen days of January, 1935, and as Chief Deputy thereafter; that he was in complete charge when the Engineer was away; that he "was appointed Chief Deputy by Mr. Riddle;" and that it was "the instructions of the county court" to make salary requisitions of the Engineer's Office show his salary at the amounts therein stated. There is no claim made that anyone else was ever appointed Chief Deputy by Mr. Riddle.

As to defense of lack of authorization or approval of plaintiff's appointment as Chief Deputy, plaintiff's contention is that the statute creating the position of Chief Deputy (Sec. 13488, R. S. 1939; Sec. 11856, Mo. Stat. Ann. 7050) does not require it. Defendant says it is required by the provisions of Sections 13494 and 13495, R. S. 1939. [Secs. 11862 and 11863, Mo. Stat. Ann. 7052.] These sections (with our italics to show parts to be construed) are as follows:

"Sec. 13488. The recorder of deeds, collector of revenue, clerk of the circuit and criminal courts, clerk of the county court, county highway engineer and county assessor in any such county *shall each be entitled to one chief deputy, which chief deputy shall be appointed by said official* and be paid a salary of nineteen hundred and twenty dollars per year, to be paid in the same manner as the officers."

"Sec. 13494. It shall be the duty of the county court of all such counties to cause a warrant to be drawn on the treasury of its county on the first week day of each month, in favor of each of the before mentioned officials—chief deputy, deputies and clerks—for the amount

of salary due each of them, to be paid out of any amount available in the treasury, and shall keep a correct record of the same: Provided, that *no money shall be paid to any deputy or assistant, who has not been authorized by said county court to be appointed* by any of the before mentioned officials."

"Sec. 13495. *The number of all deputies required by any county office shall be submitted to the county court, and the county court shall by order of record, permit such number as in their opinion the necessary duties of the office require*, and it shall be the duty of each officer to submit the names of the deputies appointed not to exceed in number the number allowed by the county court, and such names shall be made a matter of record by the county court."

The first two sections (13488 and 13494) were enacted in 1911 (Laws 1911, p. 389), but as then enacted the County Highway Engineer was not included as one of the officers entitled to appoint a Chief Deputy. He was included by amendment made in 1919. [Laws 1919, p. 668.] The amount of the Chief Deputy's salary was increased to the present amount in 1929. [Laws 1929, p. 373.] The last section (13495) was not passed until 1921. [Laws 1921, p. 603.] However, Section 13489, R. S. 1939 (being the section considered in the Whalen case, applying to the county clerk and other officers originally specified in the 1911 act), giving the county court discretion as to the number of deputies in such offices, was a part of the 1911 act. In the Whalen case, this court construed these statutes together to avoid repugnancy, holding that sections "referring to deputies and assistants" should be construed as meaning those other than "Chief Deputy;" and that the officers designated, in Section 13488, were each authorized "to appoint a 'chief deputy' at salary of $1920 per year, leaving . . . nothing for the county court to do but pay the salary fixed by the statute." Therefore, Section 13495, passed in 1921, should likewise be construed to refer to deputies other than "Chief Deputy." Such construction makes all these sections harmonize. They should be so construed, since there is nothing in either the original act or in any of the subsequent amendments to indicate any intent to take away the right, granted to each of the officers designated, to appoint his own Chief Deputy. We hold that plaintiff was not required to prove that his appointment was made "with the advice and consent," ratification or approval of the county court.

██ ██ Defendant further contends that contradictions and admissions against interest, appearing in plaintiff's own testimony, prevent recovery of any amount whatever. Defendant argues plaintiff's admission that, at the end of January, 1935, he wrote out a voucher for his pay for the entire month in which he designated his status as bookkeeper, proves conclusively that he was not appointed Chief Deputy during that month. However, both plaintiff and Mr. Riddle testified positively that he was appointed and both explained the

payroll, vouchers and warrants as being required by instructions of the county court. Like explanation was also made as to the other claimed admissions, contrary to the court's finding that there was an appointment, which were making designations other than Chief Deputy in other vouchers and accepting and cashing warrants under such designations and for less amounts than the salary of the Chief Deputy. Actually these contentions as to so-called admissions amount to an indirect way of making a claim of estoppel by conduct, which we have held is not a defense under similar circumstances. [Whalen v. Buchanan County, supra; Gill v. Buchanan County, 346 Mo. 599, 142 S. W. (2d) 665; Reed v. Jackson County, 346 Mo. 720, 142 S. W. (2d) 862.] The statute, authorizing these specified officers to each appoint a Chief Deputy, does not require any particular form of appointment or written record concerning it, so that we are not warranted in requiring any more than was done. [See 46 C. J. 952, sec. 65, p. 954, sec. 70; 22 R. C. L. 422, 423, secs. 69-70.]

We, therefore, hold that the facts and conduct, to which defendant refers, were not conclusive upon the court; and that there was substantial evidence upon which to base the findings that plaintiff was appointed Chief Deputy and was entitled to the salary of the office fixed by statute.

The contention is also made that failure to give a bond (for faithful performance, and to account for and deliver tools, machinery, etc., to his successor) which defendant contends is required of all assistants of the Highway Engineer by Section 8656, R. S. 1939, bars plaintiff from any recovery. However, no issue was raised by the pleadings or at the trial about a bond; and there is no evidence to show whether or not the engineer or any of his assistants gave bond or that the county court ever fixed any amount to be required as contemplated by the statute. It would seem that such an issue should be raised as an affirmative defense to be supported by proof of an order fixing and requiring a bond of the Chief Deputy. We cannot pass upon this issue on the record in this case.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.