

# In the
## Missouri Court of Appeals
### Western District

| | | | |
|---|---|---|---|
| JOSEPH WEIXELDORFER, | ) | | |
| | ) | | |
| Appellant, | ) | | |
| | ) | **WD87298** | |
| V. | ) | | |
| | ) | **OPINION FILED:** | |
| CITY OF KANSAS CITY, | ) | **JUNE 17, 2025** | |
| MISSOURI, ET AL, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Adam L. Caine, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and W. Douglas Thomson, Judge

Joseph Weixeldorfer appeals the judgment of the Circuit Court of Jackson County, Missouri ("motion court"), granting summary judgment in favor of defendant City of Kansas City, Missouri ("City").  On appeal, Weixeldorfer argues that the motion court erred in:  (1) abusing its discretion in denying his motion for leave to file a Fifth Amended Petition; (2) granting City summary judgment on the basis of sovereign immunity because City was performing a proprietary function and not a governmental function; and (3) granting City summary judgment on his breach of contract claim because his proposed Fifth Amended Petition alleges the existence of a written contract. We affirm the judgment of the motion court.

**Factual and Procedural Background**[1]

Weixeldorfer was an employee of the Fire Department of City ("KCFD"). On November 22, 2017, Weixeldorfer was transported to the hospital by KCFD EMS for treatment. Weixeldorfer alleges that after his transport to the hospital, City employees disclosed his personal medical and mental health information without his authorization to people within KCFD and outside of KCFD, including to Weixeldorfer's father. As a result, Weixeldorfer suffered humiliation and damage to his reputation, among other damages.

Weixeldorfer filed his lawsuit on November 12, 2021, but he named the wrong public entity. He filed a First Amended Petition naming City as a defendant on June 21, 2022.[2] Weixeldorfer alleged: Count I, breach of fiduciary duty of confidentiality; Count II, breach of implied contract; Count III, violations of Missouri Merchandising Practices Act, section 407.010 *et seq.* ("MMPA"); Count IV, negligence; Count V, negligent training and supervision; and Count VI, negligence *per se*. On September 22, 2022, City filed a motion to dismiss Weixeldorfer's First Amended Petition, arguing that Weixeldorfer had not alleged facts negating City's sovereign immunity pursuant to sections 537.600 *et seq.*, and that implied contracts with governmental entities were not legally recognized.

---

[1] Because this was a grant of summary judgment, we review the record and all reasonable inferences therefrom in the light most favorable to Weixeldorfer. *State v. Nationwide Life Ins. Co.*, 340 S.W.3d 161, 179 (Mo. App. W.D. 2011).

[2] In his original petition and first and second amended petitions, Weixeldorfer did not use his own name but only his initials to protect his identity. He later used his name in his third amended petition so we use his name herein.

2

On October 19, 2022, nearly five years after Weixeldorfer's treatment, he filed a Second Amended Petition raising the same counts but adding John Doe 1 and John Doe 2, each of whom was alleged to be "one of the EMS persons who responded to the 911 call at Plaintiff's home[,]" and John Doe 3, who was alleged to be "the dispatcher who responded to the 911 call at Plaintiff's home." The Second Amended Petition also alleged that City "obtained or procured insurance coverage for this type of incident and is therefore not entitled to sovereign immunity pursuant to R.S.Mo. [section] 537.610." On November 22, 2022, City filed another motion to dismiss, reiterating its sovereign immunity protections, that it was not a person subject to suit under the MMPA, and that, as a governmental entity, it could not be bound by implied contracts.

On January 13, 2023, Weixeldorfer filed a Third Amended Petition, making the same allegations, but this time naming himself as Plaintiff. On December 29, 2023, City filed another motion for summary judgment, making the same arguments as in its previous motions, and claiming that Weixeldorfer was unable to establish that City had insurance coverage for the claims he raised in his Third Amended Petition.

On January 3, 2024, Weixeldorfer filed a motion for leave to file a Fourth Amended Petition, substituting J.R.[3] for John Doe 1 but otherwise making essentially the same allegations. At this time, the matter had been set for trial on April 29, 2024. Discovery and dispositive motions had concluded pursuant to the scheduling order, and

---

[3] Pursuant to section 509.520, we only include the names of parties. Because leave was denied for the filing of the Fourth and Fifth Amended Petitions, these individuals never became parties to this action.

there was a pending motion for summary judgment. City objected to the granting of leave to file the proposed Fourth Amended Petition for these reasons.

On March 6, 2024, the motion court stayed its ruling on the pending motion for summary judgment and denied Weixeldorfer's motion for leave to file a Fourth Amended Petition but granted him until March 8 to file a motion for leave to file a Fifth Amended Petition.

On March 8, 2024, Weixeldorfer filed a motion for leave to file a Fifth Amended Petition, attaching the proposed new petition. The proposed amended petition modified the prior petition by: substituting J.R. for John Doe 1; adding S.P., a Privacy Officer for City,[4] as a defendant; alleging that City "waived" its sovereign immunity "through its actions in attempting to comply with the HIPAA rules and regulations as a proprietary function[;]" and amending its count of breach of implied contract to an allegation of breach of contract. Following a hearing, the motion court denied Weixeldorfer leave to file the Fifth Amended Petition, and on May 7, 2024, it granted City's motion for summary judgment. Weixeldorfer voluntarily dismissed the individual Doe defendants, and this appeal follows.

**Standard of Review**

"The circuit court's decision whether to grant or deny leave to amend will not be disturbed absent an obvious and palpable abuse of discretion." *Moore v. Armed Forces*

---

[4] S.P.'s job title was not "Privacy Officer" however, her duties included KCFD's compliance with HIPAA. As both parties have elected to refer to S.P. by the title "Privacy Officer" we adopt their nomenclature.

4

*Bank, N.A.*, 534 S.W.3d 323, 328 (Mo. App. W.D. 2017)(internal quotation marks omitted). The court abuses its discretion when its ruling is "clearly against the logic of the circumstances presented to the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *ACLU of Mo. v. Maries Cnty. Sherriff's Off.*, 688 S.W.3d 816, 819 (Mo. App. S.D. 2024). We review summary judgment *de novo*. *Crouch v. City of Kan. City*, 444 S.W.3d 517, 520 (Mo. App. W.D. 2014).

## Analysis

Weixeldorfer raises three points on appeal. Points II and III largely rest on the success of his first point. In Point I, Weixeldorfer alleges that the motion court abused its discretion in denying him leave to file his Fifth Amended Petition. We disagree.

In reviewing the motion court's decision, we examine whether "justice is furthered or subverted by the course taken." *Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 257 (Mo. App. W.D. 2012) (citation omitted). We consider the following factors in determining whether the motion court abused its discretion in denying leave to amend: (1) the hardship to the moving party if leave to amend is denied; (2) the moving party's reasons for omitting the proposed material from the original pleading(s); and (3) whether injustice to the nonmoving party would result if leave were granted. *Id.*

Weixeldorfer's proposed Fifth Amended Petition included essentially four substantive differences from its Third Amended Petition. First, it substituted J.R. for John Doe 1. Second, it added S.P., City's Privacy Officer, as a named defendant. Third, it alleged a new basis for recovery against the City, arguing, for the first time, that

5

sovereign immunity was inapplicable because the City was performing a proprietary function and not a governmental function. And finally, it amended the breach of implied contract claim to plead a breach of contract claim. We will address each of these new allegations separately under the three factors set forth in *Tisch*.

### *Substitution of John Doe 1 with J.R.*

Under the first factor, City contends that Weixeldorfer would not suffer any prejudice from the motion court's denial for leave to amend because any claims against J.R. are time barred by section 516.130, which limits to within three years any actions "against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity . . . or by the omission of an official duty . . . ."[5] Weixeldorfer counters that his claims against J.R. are subject to the general five-year limitations period prescribed by section 516.120. We find it unnecessary to address which statute of limitations applies because, even under the five-year statute of limitations set forth in section 516.120, the claims against J.R. are time barred.

As alleged in his petition, Weixeldorfer's treatment by KCFD and the alleged disclosure of his personal and health information occurred on or about November 22, 2017. Weixedorfer added the Doe defendants in October of 2022, which is inside the five-year limitations period. He attempted to name J.R. in his motion for leave to file his Fifth Amended Petition on March 8, 2023, more than five years later and outside of the

---

[5] It is questionable whether it is proper to address any claims with respect to the Doe defendants, as Weixeldorfer voluntarily dismissed the Doe defendants after the motion court's Judgment, thereby arguably mooting any claims he may have against them.

statute of limitations. So the claims against J.R., as John Doe 1, would be within the limitations period of 516.120(4) if the claims "relate back" to the Second Amended Petition as per Missouri Supreme Court Rule 55.33(c). That rule provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The claim against J.R. clearly arose out of the conduct or occurrence set forth in the pleading first naming John Doe 1 as a defendant.

However, Weixeldorfer makes no allegation in his proposed Fifth Amended Petition or in his motion for leave to amend the petition that J.R. was aware of his claims against City or that J.R. was aware he might potentially be named as a party. Rule 55.33's notice provision is mandatory; it is not enough that John Doe 1 was described with particularity in the petition. *See State ex rel. v. Holzum*, 342 S.W.3d 313, 317 (Mo. banc 2011) ("Under Rule 55.3(c), the plaintiff would have to have shown that [intended defendants] had received notice that a suit had been brought and, if so notified, that these [defendants] knew that but for the mistake in their names, they were the parties intended to be sued."); *Shade-Schaefer v. City of Eureka*, 693 S.W.3d 67, 78 (Mo. App. E.D. 2023). "The identity of the actual person should be ascertainable from the contents of the petition so that *when the party gets notice of the lawsuit*, he knows or should know—as

7

the rule specifies—that the action has been brought against him." *Shade-Schaefer*, 693 S.W.3d at 78. Furthermore, "Rule 55.33(c) now requires that the *actual* defendant receive 'notice' of the action within the time allowed for service." *Id.* (citation omitted and emphasis added). Although J.R. is City's employee, notice to City is not notice to its employees. "[A]n identity of interest under some circumstances may allow an untimely amended petition to relate back to a timely-filed lawsuit; but not here." *Id.* An employer-employee relationship is not the type of "identity of interest" sufficient to impute notice to the employer as notice to the employee. *Id.* Accordingly, Weixeldorfer's claims against J.R. fail to relate back to the timely claims against John Doe 1 that were part of his Second Amended Petition, and J.R. is not, therefore, subject to suit as it falls outside of both the three-year and the five-year statutes of limitations, which the parties argue are applicable to the claims against him. Since J.R. is not subject to suit, Weixeldorfer is not prejudiced by the motion court's denial of his motion for leave to amend to add him as a party.

Because the reasons for the omission of the proposed amendment in the initial pleading is an item for consideration under the second factor in determining whether leave to amend should be granted, we examine the reasons Weixeldorfer omitted J.R. from his prior pleading. John Doe 1 was added as a defendant in the Second Amended Petition, nearly five years after Weixeldorfer's treatment, and while he was not named in that petition, he was described as "one of the EMS persons who responded to the 911 call at Plaintiff's home." In August of 2019, before Weixeldorfer filed his original Petition and following a request made to the City, he received his medical records from City

8

which clearly listed J.R. under "Crew Members" as "Lead EMT Paramedic" when Weixeldorfer was transported to the hospital. J.R. also signed the Patient Care Record under "EMS Personnel Signature" and "Lead Provider." Weixeldorfer, however, alleges that he did not learn the identity of J.R. as "the possible source of the initial disclosure" until November 2023. Weixeldorfer fails to designate what facts he learned at that time which gave rise to this newfound knowledge. Nevertheless, J.R.'s name as the "Lead EMT Paramedic" and "Lead Provider" in Weixeldorfer's medical records warranted earlier investigation as to whether he was one of the Doe defendants who should have been substituted by name earlier in the litigation. In his motion for leave to file his Fifth Amended Petition, Weixeldorfer alleges that the depositions of himself, his father, and the Appellant's corporate representative were taken in November of 2023, and it was not until that time that he learned of the identity of J.R. He fails to explain why he suddenly learned of this individual's identity in part from *his own* deposition and that of his own father or how the identity of J.R. could not have been reasonably determined through the two years of discovery prior to these depositions in November of 2023. Weixeldorfer does not allege City intentionally or unintentionally failed to properly disclose the identity of J.R. during discovery. Further, the only new allegation raised as to J.R. between the Third Amended Petition and the Fifth Amended Petition was the actual identity of J.R.; there were no new factual allegations as to any negligent, inappropriate, or otherwise actionable act of J.R. that were not previously raised as to the John Doe 1 defendant identified in the earlier petition. Under the second factor, Weixeldorfer has failed to establish sufficient justification for his failure to name J.R. in any of the prior

9

petitions for which he filed in this matter to establish the trial court abused its discretion in denying leave to amend the petition again.

Under our third factor, because we find that the claims against J.R. were barred by the statute of limitations, there would be prejudice to J.R. if leave were granted to name him as a party at this late date. At the time Weixeldorfer sought to substitute J.R. for John Doe 1, not only was J.R. statutorily exempt from suit under the statute of limitations, but the time for discovery and dispositive motions had passed, and the matter was approaching the trial date, all of which would support the trial court's determination that J.R. would have suffered injustice had he been required to defend this lawsuit.

For these reasons, we find no abuse of discretion in the motion court's denial of leave to file his Fifth Amended Petition to substitute J.R. for John Doe 1.

### *Addition of S.P. as a named defendant*

Next, Weixeldorfer alleges abuse of discretion in the motion court's denial of his motion for leave to file a Fifth Amended Petition to add S.P., City's Privacy Officer, as a named defendant. Weixeldorfer fails to establish that he suffered any prejudice by the court's denial of his motion to amend. Weixeldorfer alleges that he is merely substituting S.P. for one of the previously identified Doe defendants, but this allegation is clearly at odds with the wording of his timely Second Amended Petition. In that prior petition, John Doe 1 and John Doe 2 are each alleged as "one of the EMS persons who responded to the 911 call at Plaintiff's home[,]" and John Doe 3 was alleged to be "the dispatcher who responded to the 911 call at Plaintiff's home." The allegations against the Doe defendants are distinct from the allegations in the proposed Fifth Amended Petition

10

against S.P., as Privacy Officer regarding HIPAA and HITECH violations. Therefore, S.P. was not one of the previously included Doe defendants. While Rule 55.33(c) allows for relation back of claims in the substitution of a party, it does not allow for adding a new party. *Hartman v. Logan*, 602 S.W.3d 827, 840 (Mo. App. W.D. 2020)("Rule 55.33(c) does not apply, however, where the plaintiff seeks to *add* an entirely new defendant to the case, as the law distinguishes between the substitution of parties—where relation back may be available—and the addition of parties, where it is not.") (internal quotation omitted). The first time Weixeldorfer attempted to add S.P. as a party was in March of 2024, over six years after the alleged action accrued and after the five-year statute of limitations applicable to the claims against S.P. had expired. Weixeldorfer is therefore not prejudiced by the court's denial of leave to amend the petition to add her as a defendant.

Under the second factor, Weixeldorfer does not allege the City intentionally or unintentionally failed to properly disclose the identity of S.P. during discovery. Weixeldorfer has failed to allege any, let alone sufficient justification for his failure to name S.P. in any of the prior petitions that he filed in this matter to establish the trial court abused its discretion in denying leave to amend the petition.

S.P., however, would have been prejudiced such that it would have been an injustice to allow her to be added as a defendant at such a late date. Weixeldorfer has failed to allege or establish that, as City's Privacy Officer, S.P. was aware of Weixeldorfer's suit. She had not been described as one of the anonymous defendants and this record does not support a finding that she would have had any reason to anticipate

11

that she would be personally subject to defending the lawsuit prior to the motion for leave to amend the petition to name her as a defendant. Also, when Weixeldorfer sought to add S.P., discovery had closed, the deadline for dispositive motions had passed, and the trial was only weeks away.[6] The motion court did not abuse its discretion in denying leave to file a Fifth Amended Petition to allow the addition of S.P. as a defendant.

***Inapplicability of sovereign immunity***

Next, Weixeldorfer alleges the motion court abused its discretion by denying him leave to amend his petition a fifth time to substitute a new basis for the inapplicability of sovereign immunity to City. Whereas the prior versions of the petition alleged that City had procured liability insurance to cover claims such as those Weixeldorfer was bringing, which turned out not to be the case, his proffered Fifth Amended Petition alleged, for the first time, that sovereign immunity did not apply because the City was performing a proprietary function and not a governmental function. While Weixeldorfer may be prejudiced if he is not allowed to amend his petition a fifth time, in that sovereign immunity completely immunizes City from suit, the other factors far outweigh any prejudice to Weixeldorfer.

Weixeldorfer fails to present any argument as to why he could not have raised this as a legal issue in his first petition. He knew about City's responsibilities under HIPAA and HITECH when he filed his first pleading; indeed, he alleged that City failed to

---

[6] Of course, under appropriate circumstances a trial date may be continued or additional discovery may become necessary following the grant of a motion to amend a petition, and the limited time between the grant of the motion and the trial date previously set is not in itself dispositive of whether or not leave to amend a petition should be granted.

12

comply with its legal obligations in protecting his personal and health information.

"There is no abuse of discretion in denying the amended pleadings of parties who fail to show the pleadings include any facts that were unknown when the original pleading was filed." *Tisch*, 368 S.W.3d at 258. Rather, Weixeldorfer is attempting to raise a new *legal* argument that amounts to a new claim against a defendant that he failed to previously raise. "Our liberal amendment rules are not meant to be employed as a stratagem of litigation . . . after previous contentions failed." *Moore*, 534 S.W.3d at 328 (internal quotation omitted). A second bite at the apple is not the purpose of Rule 55.33. Although at the time he filed his petition Weixeldorfer believed that City had procured insurance, he could have included the proprietary-function allegation as an alternative basis for the inapplicability of sovereign immunity. He did not.

City would be greatly prejudiced if Weixeldorfer were allowed to amend at this late date to add this basis to evade City's immunity if he is in fact correct that the City's compliance with HIPAA and HITECH are proprietary and not governmental functions, as Weixeldorfer now alleges.[7] City had been proceeding since this action was originally filed in November of 2021, throughout extensive discovery practice, and had filed multiple motions to dismiss and motions for summary judgment without addressing this

---

[7] In support of this contention, Weixeldorfer relies on *J.J. by C.W. v. Poplar Bluff Regional Med. Ctr., L.L.C.*, 675 S.W.3d 259 (Mo. App. E.D. 2023), which does not involve the issue of sovereign immunity. *J.J.*, rather, states essentially that a plaintiff need not file the health care affidavit required in medical malpractice cases for allegations of HIPAA and HITECH violations because they do not "involve[] a determination of whether the health care provider's professional medical judgment regarding the patient's medical needs fell below the general standard of reasonable medical care." *Id.* at 264.

issue, because it was never raised, potentially wasting substantial resources. City had participated in depositions, and the deadline set by the motion court for completion of discovery and for dispositive motions had passed; the matter had been set for trial on April 29, 2024. City has faced a moving target, where each time it raised legal arguments as to why Weixeldorfer's cause of action could not proceed as pled, he amended the petition to raise new and different claims. The motion court did not abuse its discretion in denying leave to file a Fifth Amended Petition to add a new basis for evading sovereign immunity that should have been known to Weixeldorfer at the time the original petition was filed.

*Breach of Contract Claim*

The final basis on which Weixeldorfer claims the motion court abused its discretion in denying his motion for leave to file a Fifth Amended Petition is that he should have been allowed to amend his claim of breach of implied contract to a claim of breach of contract. Here, again, Weixeldorfer alleges no newly discovered facts that would justify allowing him to amend his pleading at such a late date. Rather, similar to the sovereign immunity issue, he is just now seeking to pursue a new legal theory after City repeatedly objected throughout the course of this litigation to his implied-contract claim on the basis that an implied contract would have been violative of section 432.070. Moreover, even if the motion court had given him leave to amend this claim, it would have no merit. The "contract" Weixeldorfer alleges City to have breached is based upon the HIPAA acknowledgment he signed when City paramedics treated him. But Weixeldorfer fails to explain how the HIPAA acknowledgment constitutes a contract

14

binding City. The HIPAA acknowledgment is merely a notice to patients of a healthcare provider's obligations under federal law as is required by 45 C.F.R. § 164.520. In fact, emergency providers are not required to provide the notices to patients prior to providing care; in these situations, "the HIPAA Privacy Rule requires only that providers give patients a notice when it is practical to do so after the emergency situation has ended." U.S. DEPT. OF HEALTH & HUM. SERVICES, http://www.hhs.gov/hipaa/for-professionals/faq/328/are-hospitals-required-to-provide-notices-to-patients-they-treat-in-an-emergency/index.html (last visited June 5, 2025). The acknowledgment creates no duties other than those already required by HIPAA. *See Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F.Supp.3d 1359, 1369 (S.D. Fla. 2017). Even if the HIPAA acknowledgment contained a promise by City, "[a] promise to do that which one is already legally obligated to do cannot serve as consideration for a contract." *State v. Nationwide Life Ins. Co.*, 340 S.W.3d 161, 191 (Mo. App. W.D. 2011). Therefore, Weixeldorfer has failed to establish that a claim of breach of written contract would have merit. "A [motion] court does not err when it denies a motion to amend a pleading to assert a claim that possesses no merit." *Fosket v. City of Dixon*, 398 S.W.3d 571, 573 (Mo. App. S.D. 2013); *Moore*, 534 S.W.3d at 328-29. We thus find no abuse of discretion in the motion court's denial of the motion to amend the petition on this basis.

Point I is denied.

Weixeldorfer's second point on appeal is that the motion court erred in granting summary judgment because City was not entitled to sovereign immunity in that it was performing a proprietary function and not a governmental function. "Missouri courts

15

have routinely held that sovereign immunity is not an affirmative defense and that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity." *Crouch*, 444 S.W.3d 517, 522 (Mo. App. W.D. 2014). Since the motion court denied Weixeldorfer leave to file the Fifth Amended Petition, this alleged exception to sovereign immunity was not properly pled in the operative Third Amended Petition on which summary judgment was granted. Thus, summary judgment was not improperly granted on this ground.

Point II is denied.

Weixeldorfer's third point on appeal is that summary judgment was improperly granted because Weixeldorfer sufficiently alleged a breach of contract in his proposed Fifth Amended Petition. Again, since the court denied leave to file the Fifth Amended Petition and did not abuse its discretion in so doing, this claim also fails as it was not alleged in the Third Amended Petition.

Point III is denied.

## Conclusion

For all of the above-stated reasons, the judgment of the motion court is affirmed.

_____
Gary D. Witt, Judge

All concur

16